UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELVON A. CARTER,

        Petitioner,

v.

ERICA HUSS, Warden

        Respondent.
_____/

Case: 5:18-cv-11495
Judge: Levy, Judith E.
MJ: Morris, Patricia T.
Filed: 05-11-2018 At 02:31 PM
HC CARER VS HUSS (DP)

## MOTION TO HOLD HABEAS PETITION IN ABEYANCE

**NOW COMES** Petitioner, Delvon A. Carter, in *pro se*, hereby asks this Honorable Court to grant his motion to hold his habeas petition in abeyance pending exhausting of his unexhausted claims, in support Petitioner says:

1.    Petitioner asks this Honorable Court to hold his Petition for Writ of Habeas Corpus in abeyance so that he may file a Motion for Relief from Judgment, pursuant to *Mich. Ct. R. 6.500 et. al.*, in order to properly exhaust the issue raised upon his Writ of Habeas Corpus to satisfy the requirements of *28 U.S.C. § 2254 (b)*.

For further facts supporting this motion, please refer to the Brief in Support of this motion.

1

## RELIEF REQUESTED

**WHEREFORE**, Petitioner respectfully requests this Honorable Court to hold this matter in abeyance until he can properly exhaust his only issue the state court.

Respectfully submitted,

Dated: 4-25-18

Delvon A. Carter #975708
Petitioner *in Pro Se*
Marquette Branch Prison
1960 U.S. Highway 41 South
Marquette, Michigan  49855

## VERIFICATION

I, Delvon A. Carter, Complainant in the above captioned case, hereby swear, with my signature below, that the forgoing is true and accurate and if called upon to testify to such, will do so.

Executed on: 4-25-18

Delvon A. Carter

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DELVON A. CARTER,**

        Petitioner,

Case No.: _____

Hon.: _____

v.

**ERICA HUSS, Warden**

        Respondent.
_____/

Delvon A. Carter #975708
Petitioner in *Pro Se*
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, Michigan 49855
_____/

**BRIEF IN SUPPORT OF MOTION TO
HOLD HABEAS PETITION IN ABEYANCE**

BY:    Delvon A. Carter #975708
          Petitioner *in pro se*

## ISSUES PRESENTED:

Petitioner asks this Honorable Court to hold his Petition for Writ of Habeas Corpus in Abeyance so that he may file a Successive Motion for Relief from Judgment, pursuant to *Mich. Ct. R. 6.500 et. al.*, in order to exhaust, his claims to the state courts to satisfy the requirements of *28 U.S.C. § 2254 (b)*.

## AUTHORITY FOR THE RELIEF SOUGHT:

A habeas petitioner may not resort to federal court without first giving the state courts a fair opportunity to address and to correct any error of constitutional magnitude. *28 U.S.C. § 2244; 28 U.S.C. § 2254(b), (c)*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45; 119 S.Ct. 1728; 144 L.Ed.2d 1 (1999); *Rhines v. Weber*, 544 U.S. 269, 278-279; 125 S.Ct. 1528; 161 L.Ed.2d 440 (2005).

### A. STATEMENT OF CASE:

NOW COMES, Delvon A. Carter, *in pro se*, and files this brief in support of his Motion to hold Habeas in Abeyance, and states the following in support:

Petitioner was convicted, by plea, of Second Degree Murder, contrary to *Mich. Ct. R. 750.317*; Robbery Armed, contrary to *Mich. Ct. R. 750.529*; and Felony Firearm, contrary to *Mich. Ct. P. 750.224b-a*, and on February 26, 2016, was sentenced to serve (ct.'s 1 & 2) 21 to 50 years and (ct. 3) 2 years' imprisonment. He was found guilty in the County of Wayne, under circuit court case number: 15-008746-01-FJ.

Petitioner filed a timely application for leave to appeal within the Michigan Court of Appeals. His case was denied on March 14, 2017. *People v. Carter*, Unpublished Opinion Mich. Ct. of App. #335697 (2017).

Petitioner did not appeal to the Michigan Supreme Court, therefore his habeas clock started 56 days after March 14, 2017. *Allen .v Yukins*, 366 F.3d 396, 399-400 (6th Cir. 2004). His deadline to file his habeas is May 9, 2018, thereby he must request to hold it in abeyance along with his Writ of Habeas Corpus within this Honorable Court.

### B. ARGUMENT:

**1. Petitioner asks this Honorable Court to hold his petition for writ of habeas corpus in abeyance so that he may properly exhaust all his claims in the state courts.**

Exhaustion requires a petitioner to "fairly present" federal claims so that the state has a "fair opportunity" to apply controlling legal principles to the facts. See *O'Sullivan v Boerckel* 526 U.S. 838, 842; 119 S.Ct. 1728; 144 L.Ed.2d 1 (1999). To fulfill the exhaustion requirement, a petitioner must have fairly presented the federal claim to all levels of the state appellate system, including the state's highest court. See *Duncan v Henry*, 513 U.S. 364, 365 (1995).

Habeas petitioners must exhaust available state remedies before seeking a federal writ of

1

habeas corpus. 28 U.S.C 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). They must also comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

In *Rhines v. Weber*, 544 U.S. 269; 125 S.Ct 1528, 1534-1535; 161 L.Ed.2d 440 (2005), the United States Supreme Court held that district courts may stay and hold exhausted claims in abeyance while a prisoner exhausts state remedies as to other claims. In *Page v. DiGuglielmo*, 544 U.S. 408; 125 S.Ct. 1807, 1814; 161 L.Ed.2d 669 (2005), the Supreme Court stated that prisoners seeking state post-conviction remedies may file a "protective" habeas petition in federal court and ask the federal court to stay and hold in abeyance the federal habeas proceeding until state remedies are exhausted.

The United States Supreme Court has approved a stay-and-abeyance procedure similar to that adopted in the 6th Circuit. See *Rhines v Weber, supra.*, with the added provision that a petitioner must show good cause for having failed to exhaust his claims prior to filing and the unexhausted claims are plainly not meritless.

Petitioner would like this Court to hold his case in abeyance so that he can exhaust the following constitutional violations, which are claims I-IV, in the Writ of Habeas Corpus:

I. Does Due Process require plea withdrawal where (a) the court failed to ascertain Defendant's mental state at the time of the plea proceeding, and (b) the factual basis for the plea is based upon false information?

II. Were Defendant's constitutional right's violated when the trial court did not determine whether Defendant was competent at the time of sentencing?

III. Was Defendant denied his right to the effective assistance of counsel at his plea and sentencing proceedings?

IV. Was Defendant denied the effective assistance of counsel guaranteed by the federal constitution where his appellate counsel (i) neglected strong and critical issues which must be seen as significant and obvious; and (ii) failing to supply Defendant with his discovery?

Given that Petitioner has only one opportunity to seek habeas relief, absent extraordinary

2

circumstances, and that serious claims of Federal Constitutional violations are at issue, holding this case in abeyance and administratively closing matters pending exhaustion, serves not only Petitioner, it serves the interests of comity and justice as well.

Petitioner respectfully requests that this Honorable Court hold this matter in abeyance pending and allow him ninety (90) days to supply this Honorable Court with the Expedited Legal Mail Form, showing that it has been mailed to the state circuit court. Once he has exhausted his issues to the Michigan Supreme Court, allow ninety (90) days within which to re-open his habeas within this Honorable Court presenting his fully exhausted claim.

**RELIEF REQUESTED**

Petitioner would ask that this Honorable Court grant this Motion to hold his petition in abeyance so that he may properly present his claim to the state courts.

Respectfully Submitted,

Dated: 4-25-18

Delvon A. Carter #975708
Petitioner *in Pro Se*
Marquette Branch Prison
1960 U.S. Highway 41 South
Marquette, Michigan 49855

**VERIFICATION**

I, Delvon A. Carter, Complainant in the above captioned case, hereby swear, with my signature below, that the forgoing is true and accurate and if called upon to testify to such, will do so.

Executed on: 4-25-18

Delvon A. Carter

4