# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Delvon A. Carter,

        Petitioner,    Case No. 18-cv-11495

v.

                          Judith E. Levy
                          United States District Judge

Erica Huss,

                          Mag. Judge Patricia T. Morris

       Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE [3]

On May 11, 2018, Petitioner Delvon A. Carter filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, is challenging his convictions for second-degree murder, armed robbery, and felon in possession of a firearm. He raises four claims: 1) his due process rights were violated when the trial court failed to ascertain his mental state at the time of his plea agreement; 2) the trial court failed to determine his competency to stand trial; 3) trial counsel was constitutionally ineffective; and 4) appellate counsel was

constitutionally ineffective. Petitioner moves to hold his habeas petition in abeyance in order to permit him an opportunity to exhaust his claims in state court. (Dkt. 3.)

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005). While Petitioner does not provide a reason for his failure to raise his claims on direct appeal, he does raise a claim of ineffective assistance of appellate counsel, which could be a reason for his failure to exhaust. The claims he intends to raise are not plainly meritless and there is no indication that he has engaged in intentionally dilatory tactics. *See Rhines,* 544 U.S. at 277–78.

Further, the statute of limitations may preclude future consideration of Petitioner's new claims in this court. *See* 28 U.S.C. § 2244(d)(1). His direct appeal ended when the Michigan Supreme Court

denied his application for leave to appeal on March 14, 2017. Petitioner filed his federal habeas claim on May 11, 2018, and by the time his state court claims are exhausted the federal statute of limitations may run. Staying a habeas proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time-barred. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Accordingly, Petitioner's request to hold his habeas petition in abeyance is GRANTED. (ECF No. 3.)

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. Petitioner must therefore present his claims in state court within NINETY DAYS from the date of this order. Further, he must ask this court to lift the stay within SIXTY DAYS of exhausting his state court remedies. *Petitioner shall file this motion using the caption and case number from this case.* Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

It is further ORDERED that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay that complies with this order, the Court will order the Clerk to reopen this case.

IT IS SO ORDERED.

Dated: May 22, 2018           s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2018.

                                       s/Shawna Burns
                                       SHAWNA BURNS
                                       Case Manager