14

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DELVON A. CARTER,**

        Petitioner

Vs.

**ERICA HUSS, Warden**

        Respondent.

FILED
JAN 21 2020
CLERK'S OFFICE
DETROIT

Case No.: 18-cv-11495

Hon.: **JUDITH E. LEVY**
United States District Court Judge

Hon.: **PATRICIA T. MORRIS**
United States Magistrate Judge

---

Delvon A. Carter #975708*
Petitioner *in pro se*
Marquette Branch Prison
1960 U.S. Highway 41 South
Marquette, Michigan 49855

Dana Nessel, Attorney General
Attorney General for the Respondent
G. Mennen Building, 7th Floor
525 West Ottawa/PO Box 30212
Lansing, Michigan 48909

---

### MOTION TO REOPEN HABEAS CORPUS PROCEEDINGS

**NOW COMES**, Delvon A. Carter, Petitioner, in *pro se,* and pursuant to *E.D. LR 7.1(b),* seeks leave of this Court to file this Motion in Support of his Amended Writ of Habeas Corpus Petition to reopen his habeas. Petitioner states the following in support:

1. On February 10, 2016, Petitioner was convicted, by a plea of guilty, of (1) Second-Degree Murder, contrary to *Mich. Comp. Laws § 750.317;* (2) Armed robbery, contrary to *Mich. Comp. Laws § 750.529;* and (3) Felony Firearm, contrary to *Mich. Comp. Laws § 750.227b-a,* in the Wayne County Circuit Court. The Honorable Megan Maher presided over the plea and sentencing proceedings, and Petitioner was being represented by retained counsels Wyatt Harris (P54891) and Harold Collins (P56805).

2. On February 26, 2016, Petitioner was sentenced to serve (1) 21 years to 50 years; (2) 18

---

* NOTICE: This document was prepared with the assistance of a non-attorney prisoner assigned to the Legal Writer Program with the Michigan Department of Corrections.

1

years to 40 years; and (3) 2 flat years to be ran consecutively to counts (1) and (2); (in agreement with the plea), 149 days credited for time served; and to pay $1,300.00 in Court Costs, $130.00 Crime Victim Assessment, $204.00 State Minimum Costs, $60.00 DNA Fee, and $3,648.30 Restitution to Veronica Johnson. (See Sentencing Transcripts[1], 13-14).

3. Petitioner filed a timely application for leave to appeal within the Michigan Court of Appeals and Robert Tomak (P26506), 5840 N. Canton Centeer Rd. Ste. 290, Canton Michigan 48187, was assigned.

4. Mr. Tomak raised the following issue with the Michigan Court of Appeals:

> Petitioner's Plea should be withdrawn where it was not determined to be made competently.

5. On March 14, 2017, Petitioner case was denied. *People v. Carter*, Unpublished Opinion Ct. of App. #335697 (Mich. Ct. of App. 2017).

6. Petitioner did not appeal to the Michigan Supreme Court, therefore his habeas clock started 56 days after March 14, 2017. *Allen. v Yukins*, 366 F.3d 396, 399-400 (6th Cir. 2004). His deadline to file his habeas was May 9, 2018.

**C. 28. U.S.C. § 2254:**

7. Petitioner filed a writ of habeas corpus and a motion to hold his habeas in abeyance to exhaust additional claims. (ECF No. ___). This Court granted the motion on May 22, 2018, (ECF No. 5), giving Petitioner until August 20, 2018 to file his motion for relief from judgment in the state court.

8. Petitioner timely filed the motion for relief from judgment within the Wayne County Circuit Court, and filed a proof of filing with this Court at the same time. (ECF No.___).

**D. POST-CONVICTION APPEAL:**

---

[1] Plea Transcripts will be known as "PT" followed by the page number. Sentencing Transcripts will be known by "ST" followed by the page number.

9. Petitioner, *in propria persona*, filed a Motion for Relief from Judgment, pursuant to *Mich. Ct. R.* 6.500, *et. seq.* within the Wayne County Circuit Court, located at: Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, Michigan 48226, case number 15-008746-01-FJ, raising the following claims:

> I. Does due process require plea withdrawal where (a) the court failed to ascertain Petitioner's mental state at the time of the plea proceeding, and (b) the factual basis for the plea is not based upon a personal description as to what transpired?
> II. Were Petitioner's constitutional rights violated when the trial court did not determine whether Petitioner was competent at the time of sentencing?
>
> III. Was Petitioner denied his right to the effective assistance of counsel at his plea and sentencing proceedings?
>
> IV. Was Petitioner denied the effective assistance of counsel guaranteed by the federal constitution where his appellate counsel (i) neglected strong and critical issues which must be seen as significant and obvious; and (ii) failed to supply Petitioner with his discovery?

10. On December 10, 2018, the successor state circuit judge, Honorable John Cusick, of the Wayne County Circuit Court, denied Petitioner's Motion for Relief from Judgment. See *People v. Carter*, case number 15-008746-01-FJ (December 10, 2018).

11. Petitioner filed a timely request for leave to appeal to the Michigan Court of Appeals, challenging the Honorable John Cusick's December 10, 2018, denial, raising the same claims that he raised upon his Motion for Relief from Judgment, along with an additional claim of:

> V. Did the trial court abuse its discretion for refusing to hold an evidentiary hearing to expand the record on ineffective assistance of appellate counsel and on competency?

12. The Michigan Court of Appeals docketed it: 347433.

13. On March 20, 2019, the Michigan Court of Appeals denied Petitioner's application for leave to appeal. See *People v. Carter*, 2019 Mich. App. LEXIS 6816 (Mich. Ct. App., March 20, 2019) (Unpublished opinion).

14. Petitioner next filed a timely request for leave to appeal to the Michigan Supreme Court,

3

challenging the Honorable Judge John Cusick's December 10, 2018 denial, raising the same claims that he raised upon his Motion for Relief from Judgment and application for leave to appeal to the Michigan Court of Appeals, which was docketed as Docket Number: 159521.

15.     On October 29, 2019, the Michigan Supreme Court denied Petitioner's application for leave to appeal. See *People v. Carter*, 2019 Mich. LEXIS 1992 (Mich. Sup. Ct. Oct. 29, 2019).

16.     Please review Brief in Support for additional facts and arguments.

## RELIEF REQUESTED

**WHEREFORE**, Petitioner, Delvon A. Carter, respectfully asks this Honorable Court to GRANT his motion to re-open his habeas and allow his amended habeas to proceed.

Respectfully submitted,

Dated: 1/1/20

*Delvon Carter*
Delvon A. Carter #975708
Petitioner *in Pro Se*
Marquette Branch Prison
1960 U.S. Highway 41 South
Marquette, Michigan 49855

## VERIFICATION

I, Delvon A. Carter, Petitioner in the above captioned case, hereby swear, with my signature below, that the forgoing is true and accurate and if called upon to testify to such, will do so.

Executed on: 1/1/20

*Delvon Carter*
Delvon A. Carter
Petitioner *in Pro Se*

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELVON A. CARTER,

          Petitioner

Vs.

ERICA HUSS, Warden

          Respondent.

Case No.: 18-cv-11495

Hon.: **JUDITH E. LEVY**
United States District Court Judge

Hon.: **PATRICIA T. MORRIS**
United States Magistrate Judge

---

| | |
|---|---|
| Delvon A. Carter #975708* <br> Petitioner *in pro se* <br> Marquette Branch Prison <br> 1960 U.S. Highway 41 South <br> Marquette, Michigan 49855 | Dana Nessel, Attorney General <br> Attorney General for the Respondent <br> G. Mennen Building, 7th Floor <br> 525 West Ottawa/PO Box 30212 <br> Lansing, Michigan 48909 |

**PETITIONER'S BRIEF IN SUPPORT OF
MOTION FOR TO REOPEN HABEAS CORPUS PROCEEDINGS**

BY:   Delvon A. Carter
        *In pro se*

---

* NOTICE: This document was prepared with the assistance of a non-attorney prisoner assigned to the Legal Writer Program with the Michigan Department of Corrections.

## **STATEMENT OF JURISDICTION**

This court, pursuant to *28 U.S.C. § 2244(d)(2)*; *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002), has jurisdiction over this motion to reopen Petitioner's Habeas where it is being filed in compliance of this Court's May 22, 2018. (ECF No. 5).

## QUESTION PRESENTED

Should this Honorable Court reopen Petitioner's habeas and allow the amended writ of habeas corpus to proceed?

A. **CONVICTION AND SENTENCING:**

On February 10, 2016, Petitioner was convicted, by a plea of guilty, of (1) Second-Degree Murder, contrary to *Mich. Comp. Laws § 750.317*; (2) Armed robbery, contrary to *Mich. Comp. Laws § 750.529*; and (3) Felony Firearm, contrary to *Mich. Comp. Laws § 750.227b-a*, in the Wayne County Circuit Court. The Honorable Megan Maher presided over the plea and sentencing proceedings, and Petitioner was being represented by retained counsels Wyatt Harris (P54891) and Harold Collins (P56805).

On February 26, 2016, Petitioner was sentenced to serve (1) 21 years to 50 years; (2) 18 years to 40 years; and (3) 2 flat years to be ran consecutively to counts (1) and (2); (in agreement with the plea), 149 days credited for time served; and to pay $1,300.00 in Court Costs, $130.00 Crime Victim Assessment, $204.00 State Minimum Costs, $60.00 DNA Fee, and $3,648.30 Restitution to Veronica Johnson. (See Sentencing Transcripts[2], 13-14).

B. **DIRECT APPEAL:**

Petitioner filed a timely application for leave to appeal within the Michigan Court of Appeals and Robert Tomak (P26506), 5840 N. Canton Centeer Rd. Ste. 290, Canton Michigan 48187, was assigned.

Mr. Tomak raised the following issue with the Michigan Court of Appeals:

> I. Petitioner's Plea should be withdrawn where it was not determined to be made competently.

On March 14, 2017, Petitioner case was denied. *People v. Carter*, Unpublished Opinion Ct. of App. #335697 (Mich. Ct. of App. 2017).

Petitioner did not appeal to the Michigan Supreme Court, therefore his habeas clock started

---

[2] Plea Transcripts will be known as "PT" followed by the page number. Sentencing Transcripts will be known by "ST" followed by the page number.

1

56 days after March 14, 2017. *Allen. v Yukins*, 366 F.3d 396, 399-400 (6th Cir. 2004). His deadline to file his habeas was May 9, 2018.

### c. 28. U.S.C. § 2254:

Petitioner filed a writ of habeas corpus and a motion to hold his habeas in abeyance to exhaust additional claims. (ECF No. ___). This Court granted the motion on May 22, 2018, (ECF No. 5), giving Petitioner until August 20, 2018 to file his motion for relief from judgment in the state court. No service was made upon Respondent.

Petitioner timely filed the motion for relief from judgment within the Wayne County Circuit Court, and filed a proof of filing with this Court at the same time. (ECF No.___).

### d. Post-Conviction Appeal:

Petitioner, *in propria persona*, filed a Motion for Relief from Judgment, pursuant to *Mich. Ct. R.* 6.500, *et. seq.* within the Wayne County Circuit Court, located at: Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, Michigan 48226, case number 15-008746-01-FJ, raising the following claims:

> I. Does due process require plea withdrawal where (a) the court failed to ascertain Petitioner's mental state at the time of the plea proceeding, and (b) the factual basis for the plea is not based upon a personal description as to what transpired?
> II. Were Petitioner's constitutional rights violated when the trial court did not determine whether Petitioner was competent at the time of sentencing?
>
> III. Was Petitioner denied his right to the effective assistance of counsel at his plea and sentencing proceedings?
>
> IV. Was Petitioner denied the effective assistance of counsel guaranteed by the federal constitution where his appellate counsel (i) neglected strong and critical issues which must be seen as significant and obvious; and (ii) failed to supply Petitioner with his discovery?

On December 10, 2018, the successor state circuit judge, Honorable John Cusick, of the Wayne County Circuit Court, denied Petitioner's Motion for Relief from Judgment. See *People v.*

*Carter*, case number 15-008746-01-FJ (December 10, 2018).

Petitioner filed a timely request for leave to appeal to the Michigan Court of Appeals, challenging the Honorable John Cusick's December 10, 2018, denial, raising the same claims that he raised upon his Motion for Relief from Judgment, along with an additional claim of:

> V. Did the trial court abuse its discretion for refusing to hold an evidentiary hearing to expand the record on ineffective assistance of appellate counsel and on competency?

The Michigan Court of Appeals docketed it: 347433.

On March 20, 2019, the Michigan Court of Appeals denied Petitioner's application for leave to appeal. See *People v. Carter*, 2019 Mich. App. LEXIS 6816 (Mich. Ct. App., March 20, 2019) (Unpublished opinion).

Petitioner next filed a timely request for leave to appeal to the Michigan Supreme Court, challenging the Honorable Judge John Cusick's December 10, 2018 denial, raising the same claims that he raised upon his Motion for Relief from Judgment and application for leave to appeal to the Michigan Court of Appeals, which was docketed as Docket Number: 159521.

On October 29, 2019, the Michigan Supreme Court denied Petitioner's application for leave to appeal. See *People v. Carter*, 2019 Mich. LEXIS 1992 (Mich. Sup. Ct. Oct. 29, 2019).

## QUESTION

### SHOULD THIS HONORABLE COURT REOPEN PETITIONER'S HABEAS AND ALLOW THE AMENDED WRIT OF HABEAS CORPUS TO PROCEED?

**A. ARGUMENT:**

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit Court of Appeals endorsed the stay and abeyance procedure.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. See e.g. *Carter v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because this case has been remanded by the Sixth Circuit to this Court for consideration of petitioner's remaining claims, the Court will order that the original habeas petition be reopened on the Court's active docket.

To the extent that Petitioner is seeking to amend his petition by filing the amended petition for writ of habeas corpus. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999); citing to Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998).

Because the Court authorized the stay in abeyance, (ECF No. 5), Petitioner believes that the Respondent would not be substantially prejudiced in any way since no response was made to the first habeas.

**B. CONCLUSION:**

WHEREFORE, because of the forgoing, this Honorable Court should reopen Petitioner petition for writ of habeas corpus and accept the amended petition with the exhausted claims.

4

## RELIEF REQUESTED

**WHEREFORE**, Petitioner, Delvon A. Carter, respectfully asks this Honorable Court to GRANT his motion to re-open his Habeas and allow his amended Habeas to proceed timely, or if necessary, grant equitable tolling.

Respectfully submitted,

Dated: 1/1/20

Delvon A. Carter #975708
Petitioner *in Pro Se*
Marquette Branch Prison
1960 U.S. Highway 41 South
Marquette, Michigan  49855

## VERIFICATION

I, Delvon A. Carter, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Executed on: 1/1/20

Delvon A. Carter

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DELVON A. CARTER,**

        Petitioner

Vs.

**ERICA HUSS, Warden**

        Respondent.

Case No.: 18-cv-11495

Hon.: **JUDITH E. LEVY**
United States District Court Judge

Hon.: **PATRICIA T. MORRIS**
United States Magistrate Judge

## DECLARATION OF DELVON A. CARTER

**NOW COMES**, Delvon A. Carter, Declarant herein, and states the following in support of my Motion to Reopen Habeas:

1.    I am currently incarcerated within the Michigan Department of Corrections and being housed at the Marquette Branch Prison, located at 1960 U.S. Hwy. 41 South, Marquette Michigan 49855, and my prison number is: #975708.

2.    That at all times, even though I do not understand the filing deadlines or how to file any of the documents, because I am mentally ill, have been due diligent in finding individuals that would help me file whatever documents needed to be file to challenge my conviction and sentence. I have never given up in trying to get my claims fully exhausted within the state courts so that it can properly be adjudicated by the federal courts.

3.    I have not, at any time, tried to stall my appeals or any responses that may have or will be filed against my appeal. Therefore, I do not believe that the Respondent will be prejudiced in any way, shape, or form in regards to being able to place any objections or other responses in opposition to the petition.

4.    I am innocent of the crimes that I am currently incarcerated upon, and that, but for the constitutional errors, I would not be within the Michigan Department of Corrections this day.

I, Delvon A. Carter, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Executed on: 1/11/20

*Delvon Carter*
Delvon A. Carter
Declarant herein

1