# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Delvon A. Carter,

|                    | Petitioner, | Case No. 18-cv-11495 |
|---|---|---|
| v.                 |             | Judith E. Levy |
|                    |             | United States District Judge |
| Chris King,[1]     |             | |
|                    |             | Mag. Judge Patricia T. Morris |
|                    | Respondent. | |

_____/

# OPINION AND ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS [7], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN <u>FORMA PAUPERIS</u>

Petitioner Delvon A. Carter, a state prisoner currently confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions by guilty plea in the Wayne County Circuit Court on charges of second-degree murder, Mich. Comp.

---

[1] Consistent with the Rule 2(a) of the Rules Governing § 2254 Cases and this order, the caption will be amended on the docket to reflect the proper Respondent, Chris King (Petitioner's current custodian).

Laws § 750.317; armed robbery, Mich. Comp. Laws § 750.529; and the use of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.224b. He is serving prison terms of twenty-one to fifty years for the murder conviction, eighteen to forty years for the armed robbery, and a determinate, mandatory two-year term for felony-firearm.

Because the state court's decision denying Petitioner's claims was not contrary to nor an unreasonable application of Supreme Court precedent, the petition for habeas corpus is denied. The court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*. An explanation follows.

## I.    Background

According to the factual basis which Petitioner affirmed at his plea hearing, he shot and killed Edward Hogan with a revolver in the city of Detroit in July 2015. (ECF No. 14-7, PageID.302–304.) Petitioner was at the location to rob Hogan, but "things kind of went wrong." (*Id.* at PageID.304.)

On February 10, 2016, Petitioner pleaded guilty to second-degree murder (reduced from felony murder), armed robbery, and felony-firearm, in exchange for the dismissal of charges of conspiracy to commit

2

armed robbery and carrying a concealed weapon. (*Id.* at PageID.295, 298–299, 304–305.) The plea agreement included a sentence of twenty-one to fifty years for the murder conviction. (*Id.* at PageID.294.) Petitioner was seventeen years old at the time of the plea hearing. (*Id.* at PageID.295.) He had completed the ninth grade before dropping out of school and could read and write English. (*Id.* at PageID.296.) The trial court reviewed with Petitioner the terms of the plea agreement, the trial and appellate rights he was giving up by pleading guilty, and Petitioner's own understanding of the agreement and the consequences of his plea. (*Id.* at PageID.296–302.) The trial court concluded Petitioner's plea was "understanding, voluntary, and accurate." (*Id.* at PageID.305.) At no time did Petitioner express any difficulty understanding the proceedings, or that he was experiencing physical or mental health issues that limited his participation.

On February 26, 2016, the trial court sentenced Petitioner in accordance with the plea agreement. (ECF No. 14-8, PageID.307.) It imposed terms of twenty-one to fifty years in prison for the second-degree murder conviction, eighteen to forty years for the armed robbery

conviction, and a mandatory, consecutive, two-year term for the felony-firearm count. (*Id.* at PageID.319–320.)

Petitioner's court-appointed appellate attorney filed a motion with the trial court to withdraw his guilty plea, and a hearing was held on the motion on November 1, 2016, before a successor judge. (ECF No. 14-9.) Petitioner maintained that "he was not aware of what he was doing when he pled guilty" because he was being administered high doses of the medications Seroquel and Risperdal for "his bipolar and other conditions." (*Id.* at PageID.327–328.) The trial court denied the motion from the bench. Based on its reading of the transcript of the plea hearing, the court found Petitioner's plea to be "full, fair and voluntary" and that the plea taking was not "flawed in any way." (*Id.* at PageID.329.)

Appellate counsel filed an application for leave to appeal to the Michigan Court of Appeals, raising only the claim that the trial court erred in denying Petitioner's motion to withdraw his plea. (ECF No. 14-13, PageID.395.) The appellate court denied leave in a standard form order "for lack of merit in the grounds presented." *People v. Carter*, No. 335697 (Mich. Ct. App. Mar. 14, 2017) (unpublished order). Petitioner did

not seek leave to appeal the court of appeals' decision in the Michigan Supreme Court. (ECF No. 14-12.)

Petitioner filed an application for a writ of habeas corpus in this Court on May 11, 2018. (ECF No. 1.) Simultaneously, he moved for a stay so that he could return to the state courts to exhaust additional issues he wished to raise. (ECF No. 3.) The stay was granted. (ECF No. 5.)

Petitioner filed a *pro se* motion for relief from judgment in the state trial court, pursuant to Michigan Court Rule 6.500, *et seq.* (ECF No. 14-10.) He raised four issues in his motion: (1) that the trial court erred in not permitting plea withdrawal when it failed to ascertain his mental state at the time of the plea, and the factual basis for the plea was not based on a "personal description"; (2) that his constitutional rights were violated when the trial court did not determine he was competent at sentencing; (3) that he received ineffective assistance of counsel at his plea and sentencing proceedings; and (4) that his appellate attorney was ineffective by failing to raise strong and obvious issues, as well as failing to provide discovery to Petitioner. (*Id.* at PageID.332–333.) The trial court denied the motion along with Petitioner's motion for an evidentiary hearing. (ECF No. 14-11.)

Petitioner sought leave to appeal the trial court's decision in the state court of appeals. (ECF No. 14-15.) He argued the four claims of error presented in his motion for relief from judgment and added a fifth: the trial court erred in refusing to hold an evidentiary hearing on the issues of ineffective assistance of appellate counsel and Petitioner's competency. (*Id.* at PageID.538–539.) The court of appeals denied leave, as did the Michigan Supreme Court. (ECF No. 14-15, PageID.535; ECF No. 14-14, PageID.484); *People v. Carter*, 504 Mich. 997 (2019).

Following the decision by the state supreme court, Petitioner returned to this Court on January 21, 2020, seeking to reopen his habeas case and file an amended petition. (ECF Nos. 6, 7.) Petitioner now raises five claims of error that have been exhausted in the state appellate courts:

> Claim I: Due process requires plea withdrawal where (a) the court failed to ascertain Petitioner's mental state at the time of the plea proceeding, and (B) the factual basis for the plea is not based upon any personal description as to what transpired. *US CONST, AMS VI, XIV.*
>
> Claim II: Petitioner's constitutional rights were violated when the trial court did not determine whether petitioner was competent at the time of sentencing. *US CONST AM XIV.*
>
> Claim III: Petitioner was denied his right to the effective assistance of counsel at his plea and sentencing proceedings.

6

*US CONST., AM VI.*

Claim IV: Petitioner was denied the effective assistance of counsel guaranteed by the federal constitution where his appellate counsel (1) neglected strong and critical issues which must be seen as significant and obvious; and (2) fail[ed] to supply Petitioner with his discovery. *US CONST., AM VI, XIV.*

Claim V: The trial court abused its discretion for refusing to hold an evidentiary hearing to expand the record on ineffective assistance of appellate counsel and on the competency [issue], violating Petitioner[]'s Fifth, Sixth and Fourteenth Amendment rights . . .

(ECF No. 7, PageID.60–61.)

In response to the Court's order, Respondent filed an answer and Rule 5 materials on February 12, 2021. (ECF Nos. 13, 14.) Petitioner sought and was granted an extension of time to file a responsive pleading to the answer. (ECF Nos. 15, 16.) Petitioner did not file a Reply.

## II.   Legal Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established federal law,' or (2) 'was

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A state court's factual determinations are presumed correct on federal habeas review, unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

8

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington*, 562 U.S. at 98. Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate "there was no reasonable basis for the state court to deny relief." *Id.*

However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson*, 138 S. Ct. at 1194 (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id.* at 1192. The "look through" rule applies whether the last reasoned state court opinion based its ruling on procedural default, *id.* at 1194 (citing *Ylst*, 501 U.S. at 803), or ruled on the merits, *id.* at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–33 (2011)).

### III.   Analysis

In Petitioner's case, the appellate courts denied leave in standard form orders which did not provide their reasoning. Accordingly, the Court will presume they adopted the reasoning of the trial court. It will therefore "look through" their decisions to the lower court's opinion and order denying Petitioner's motion for relief from judgment. *Id.* at 1194.

### A. Denial of Petitioner's Motion to Withdraw Plea

In his first claim, Petitioner argues that the trial court erred when it did not permit him to withdraw his plea based on its failure to ascertain his competence, and because the factual basis for the plea did not contain a "personal description," that is, statements made by him directly. (ECF No. 7, PageID.73–77.) Both arguments are without merit.

In support of the argument for a competency hearing, Petitioner asserts that he was diagnosed with bipolar disorder "and with traits of Paranoid Schizophreni[a,]" and that he was receiving disability benefits because of mental illness before he was incarcerated. (*Id.* at PageID.74.) He argues the psychotropic medication he was taking at the time of his plea "alter[ed] his understanding of reality; . . . ma[de] him susceptible to suggestion; . . . . made him misunderstand" the court proceedings; and

10

rendered his plea involuntary and not knowingly made. (*Id.* at PageID.75.)

Petitioner raised this argument in both his original appeal and in his motion for post-conviction relief and subsequent attempts to appeal. The state court of appeals did not explain its reasoning for rejecting this issue. It initially denied leave to appeal "for lack of merit in the grounds presented," (ECF No. 14-13); *Carter*, No. 335697 (Mich. Ct. App. Mar. 14, 2017), "which is an adjudication on the merits subject to AEDPA." *Pirkel v. Burton*, 970 F.3d 684, 692, n.1 (6th Cir. 2020) (citing *Werth v. Bell*, 692 F.3d 486, 491, 494 (6th Cir. 2012)). In its ruling on the motion for relief from judgment, the trial court found it was precluded by Michigan Court Rule 6.508(D)(2) from granting relief, because the issue was decided against Petitioner in a prior appeal. (ECF No. 14-11, PageID.388.) The court of appeals again denied leave without providing any reasoning. (ECF No. 14-14, PageID.518); *Carter*, No. 347433 (Mich. Ct. App. Mar. 20, 2019).

Generally, a criminal defendant has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). When a defendant is convicted pursuant to a plea, habeas

review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *Justice v. Rewerts*, No. 20-cv-12825, 2023 WL 2332228, at *3 (E.D. Mich. Mar. 2, 2023) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). "A criminal defendant may not plead guilty unless he does so competently and intelligently." *United States v. Alfadhili*, 762 F. App'x 264, 266 (6th Cir. 2019) (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993)). The standard to find a criminal defendant mentally incompetent is the "lack[ of] the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense . . ." *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

"The due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). The Supreme Court has not established a standard for this inquiry, but the Sixth Circuit has long held that the question for a reviewing court is "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to

12

stand trial." *Carter v. Bogan*, 900 F.3d 754, 769 (6th Cir. 2018) (quoting *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006)). The competence standard is the same whether the defendant is standing trial or pleading guilty. *See Edwards*, 554 U.S. at 172 (citing *Godinez*, 509 U.S. at 398).

"A history of mental illness is naturally relevant to the question of whether to conduct further inquiry into competency. But such a history is not dispositive." *Alfadhili*, 762 F. App'x at 267 (citing *United States v. Abdulmutallab*, 739 F.3d 891, 901 (6th Cir. 2014)) (other citation omitted). "[A] mentally ill person may still have 'sufficient present ability to consult with his lawyer' and 'a rational as well as factual understanding of the proceedings against him.'" *Id.* at 267–68 (quoting *Godinez*, 509 U.S. at 396). In determining whether it should hold a competency hearing, a court "should consider 'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial . . .'" *Abdulmutallab*, 739 F.3d at 899–900 (citing *Drope*, 420 U.S. at 180).

Petitioner asserts "his counsel, the prosecution, and the Court were well aware of" his mental health history, and that his medication impeded his awareness and understanding of the proceedings and his

plea agreement. (ECF No. 7, PageID.74–75.) But as *Alfadhili* cautions, the existence of a mental health history, without more, is not dispositive on the question of competence. For instance, "[l]iving with bipolar disorder, by itself, does not automatically trigger a district court's obligation to *sua sponte* order a competency hearing." *United States v. Allen*, 665 F. App'x 531, 534 (6th Cir. 2016).

Petitioner cited no evidence of his behavior or demeanor or previous findings of incompetence which would cause the trial court to doubt his competence and give it cause to hold a hearing on the issue. Further, as the trial court put it, Petitioner "does not allege that he was incompetent at the time of his plea or sentence. He merely complains that his mental health history was not examined with regards to [his] medications . . ." (ECF No. 14-11, PageID.389.) Petitioner thus has not established that his mental illness rendered his plea unknowing or involuntary, and that he met the standard for plea withdrawal. The state courts' findings were not unreasonable.

The second half of this argument—that a lack of a "personal description" in the factual basis for his guilty plea also mandates plea withdrawal—is similarly without merit. "After the entry of an

14

unconditional plea, a defendant 'may only attack the voluntary and intelligent character' of the plea." *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012). How the factual basis is established in a plea hearing has no bearing on the voluntary or knowing nature of the plea.

Moreover, a habeas petitioner's claim that there was an insufficient factual basis for a guilty plea is not cognizable on habeas review. *Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Id.* "The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Petitioner's argument is predicated completely on Michigan case law. (ECF No. 7, PageID.75–77.) Because "matters of state law cannot lead to habeas corpus relief," Petitioner's claim is not cognizable on habeas review. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).

## B. Trial Court Failure to Determine Competency at Sentencing

In his second claim, Petitioner again argues that his medical history and medications should have given the sentencing court reason to inquire into his competence at sentencing. (ECF No. 7, PageID.79.) But as explained above, bipolar disorder and mental illness are not dispositive on the question of competency. *Alfadhili*, 762 F. App'x at 267; *Allen*, 66 F. App'x at 534. Moreover, Petitioner provides no other evidence, much less substantial evidence, to support his argument that the trial court should have held a hearing. *Franklin*, 695 F.3d at 447. Thus, Petitioner's second claim also lacks merit.

## C. Ineffective Assistance of Counsel at Plea and Sentencing Proceedings

In his third claim, Plaintiff argues that he was denied the right to effective assistance of counsel. (ECF No. 7, PageID.81.) Petitioner's ineffectiveness argument is predicated on the same issues raised in his first claim of error: that he was incompetent at the time he entered his guilty plea and that the factual basis for his plea conviction was insufficient. (*Id.* at PageID.81–82.) He argues counsel should have requested a psychiatric evaluation, and otherwise was ineffective for permitting the conviction to stand on a factual basis other than "Petitioner's words." (*Id.* at PageID.82.)

16

Generally, habeas claims of ineffective assistance are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer of deference is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). That is, a habeas petitioner must show "that counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Lafler*, 494 F. App'x 526, 532 (6th Cir. 2012) (per curiam) (quoting *Strickland*, 466 U.S. at 694). *Strickland* requires a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Abby*, 742 F.3d at 226 (citing *Strickland*, 466 U.S. at 689).

AEDPA provides the second layer of deference, under which a federal habeas court may "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Id.* (citing *Burt*, 571 U.S. at 24). "The pivotal question is

17

whether the state court's application of the *Strickland* standard was unreasonable," which "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101.

As stated above, Petitioner's claims that the trial court should have permitted his plea withdrawal due to his mental health history and the lack of an adequate factual basis are without merit. Accordingly, the trial court's determination that counsel's performance did not fall below professional standards when he failed to address both issues was not unreasonable. Nor was Petitioner prejudiced by counsel's failure to raise arguably frivolous claims, because there was no likelihood of a different outcome. Thus, Petitioner's third claim also fails.

## D. Ineffective Assistance of Appellate Counsel

In his fourth claim, Petitioner argues appellate counsel was ineffective for failing to raise the same issues raised in his petition, which he characterizes as "obvious" and "outcome determinative." (ECF No. 7, PageID.84.) He also argues appellate counsel was ineffective for not providing him discovery. (*Id.* at PageID.85–86.) Again, the "doubly deferential" standard of *Abby* applies, and the Court must determine

18

whether the state court applied *Strickland* to Petitioner's case in an objectively unreasonable manner.

A criminal defendant "does not have a constitutional right to have his counsel press nonfrivolous points if counsel decides as a matter of professional judgment not to press those points." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004); *see also Jones v. Barnes*, 463 U.S. 745, 750–51 (1983)). Appellate attorneys are not required to raise every "colorable" claim. *Richardson v. Palmer*, 941 F.3d 838, 858 (6th Cir. 2019) (citing *Jones*, 463 U.S. at 754). "Appellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because the Court has examined each of the claims in the petition and determined they lack merit, Petitioner cannot demonstrate either deficient performance or prejudice in appellate counsel's failure to raise those claims. *Buell v. Mitchell*, 274 F.3d 337, 352 (6th Cir. 2001).

As to the second part of Petitioner's argument, he acknowledges there is no constitutional right to discovery. (ECF No. 7, PageID.85.) His argument relies instead on violations of Michigan Court rules. But the

federal courts' power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See generally Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Doyle*, 347 F. Supp. 2d at 482; *see also Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (citing *Baze v. Parker*, 371 F.3d 310, 322–23 (6th Cir. 2004)) ("Whether or not the Michigan courts complied with the procedural requirements of Michigan law is not a matter for this court to decide on a petition for habeas corpus relief.") Accordingly, this argument is not cognizable on habeas review.

### E. Trial Court's Failure to Hold an Evidentiary Hearing on Ineffective Assistance and Petitioner's Competency

In his fifth and final claim, Petitioner challenges the trial court's refusal to hold an evidentiary hearing on his ineffective assistance of counsel and competency claims. The Sixth Circuit and courts in this district have consistently held that a criminal defendant has no constitutional right to an evidentiary hearing when seeking to withdraw a guilty plea. *See Hayes*, 193 F. App'x at 584–85; *accord Armstrong v. Wainwright*, No. 19-3446, 2019 WL 5874623, at *2 (6th Cir. Oct. 8, 2019); *Brown v. Skipper*, No. 2:18-cv-11757, 2021 WL 1978582, at *7 (E.D. Mich. May 18, 2021) (Murphy, J.); *Lewis v. MacLaren*, No. 2:15-cv-10880, 2017 WL 2351736, at *12 (E.D. Mich. May 31, 2017) (Drain, J.)

20

Petitioner argues that the state trial court could have "conduct[ed] an independent investigation." (ECF No. 7, PageID.88.) But that places the decision within the court's discretion, and "a state trial court's alleged abuse of discretion, without more, is not a constitutional violation." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). In addition, Petitioner's citation to *Ballinger v. Prelesnik*, 844 F. Supp. 2d 857, 867 (E.D. Mich. 2012), is unavailing because that decision was reversed by the Sixth Circuit. *Ballinger v. Prelesnik*, 709 F.3d 558 (6th Cir. 2013).

In sum, the state courts were not unreasonable in their decisions rejecting Petitioner's claims. He is not entitled habeas relief on any of his issues.

### F. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But, here, reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

21

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Thus, a certificate of appealability is denied.

The Court also denies Petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## IV.   Conclusion

For the reasons set forth above, the habeas petition will be denied with prejudice.

It is further ordered that a certificate of appealability is denied, and Petitioner is denied leave to appeal *in forma pauperis*.

It is further ordered that the Clerk is directed to correct the case caption as indicated above.

IT IS SO ORDERED.

Dated: July 6, 2023                    s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                                   United States District Judge

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2023.

<u>s/Erica Parkin on behalf of</u>
WILLIAM BARKHOLZ
Case Manager

23